## The State v. Wallace.

1. **Criminal Law**: LARCENY: EVIDENCE. An admission by a party in whose possession stolen property is found, made ten months before the larceny was committed, to the effect that he owned no such property at that time is not competent to cast upon him the burden of showing that his possession was honestly obtained.

### Appeal from Buchanan District Court.

### Thursday, March 21.

The indictment charged the defendant with stealing three sows on the 25th day of November, 1875. There was a verdict of guilty, judgment, and defendant appeals.

*E. E. Hasner*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

Seevers, J.—The evidence on the part of the State tended to show the sows alleged to have been stolen were found in possession of the defendant about the 5th day of December, 1875. They had been missed by the owner about ten days previous. The State introduced as a witness one Guthrie, who testified that he was the assessor of the township in which the defendant resided in 1875, and that he assessed the defendant for the purposes of taxation in the last of March or first of April of that year. Said witness was asked by the State: " Was there anything said about brood sows at the time you took his assessment?" An objection to this question was overruled; to which there was an exception. The witness answered: "They said that they had but one hog over six months old on the first of January." The witness in answer to another question, which was also objected to, said the foregoing was said by defendant or his wife, and that they both acquiesced therein. The object of this testimony must have been to show that defendant did not own any such hogs as the ones in question at the time they

The State v. Wallace.

were found in his possession, and the course of reasoning on the part of the State must have been as follows: It being admitted by defendant that he had but one hog over six months old on the first of January, 1875, and as the evidence showed these hogs were over that age at that time, the burden of proof should be on the defendant that he had honestly come into the possession of the hogs in question after January and before the following November; in other words, the theory of the District Court must have been that an admission made by the defendant ten months previous to the alleged larceny that he did not then own any such property is sufficient to demand from him evidence showing how and when he obtained hogs like those in question. Possession of property shortly after the commission of a larceny has been held sufficient to cast on the party in possession the burden of showing that his possession was honestly obtained, but we think no instance can be found in which a possession of property ten months after the larceny has been held to have this effect; much less, we think, should such an admission as that made by the defendant in the present case have that effect. In view of the cross-examination of the defendant's wife, we are satisfied the admission of the foregoing testimony was very prejudicial to the defendant, and that it was erroneous we feel satisfied.

Many other matters are urged by counsel; among others the testimony given by the witness Sinkey is said to have been immaterial and irrelevant. In this view we concur, and also think the testimony of Chesley is liable to the same objection; but it is exceedingly doubtful whether such evidence was prejudicial. It, however, should not be admitted on another trial.

We are not agreed as to whether the evidence in relation to the hog found in defendant's pen in October should have been admitted. Therefore this must remain an open question. We do not think the other errors discussed by counsel are well taken.

REVERSED.